UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

CHESTER J. CHMIELEWSKI and
KATHERINE A. CHMIELEWSKI,

           CASE NO: 8:13-CV-03170-JDW-MAP

    Plaintiffs,

V.

THE CITY OF ST. PETE BEACH,

    Defendant.
_____/

### PLAINTIFF'S MOTION TO SUBSTITUTE A PARTY
### OR IN THE ALTERNATIVE
### TO EXTEND THE DEADLINE TO SUBSTITUTE A PARTY

COMES NOW PLAINTIFF, Katherine A. Chmielewski, and pursuant to Rule 25(a)(1), Federal Rules of Civil Procedure, hereby moves to substitute PAUL CHMIELEWSKI as Chester J. Chmielewski's successor and personal representative in and for his claims in the above captioned matter as a result of Mr. Chmielewski's death.

Rule 25(a)(1) provides:

> If a party dies and the claim is not extinguished, the court may order substitution of the property party. A motion for substitution may be made by any party or by the decedent's successor or representative. If the motion is not made within 90 days after service of a statement noting the death, the action by or against the decedent must be dismissed.

Katherine A. Chmielewski's claims in this matter are not affected by the death of Chester J. Chmielewski, and remain active.

Chester J. Chmielewski's claims survive his death. The Second Amended Complaint raises both a state claim for inverse condemnation under Florida state law, and claim made

pursuant to 42 U.S.C. §1983. Under Florida law, no cause of action dies with the person. § 46.021, Florida Statutes, (2013), ("No cause of action dies with the person. All causes of action survive and may be commenced, prosecuted, and defended in the name of the person prescribed by law.")

Federal law, however, is silent as to whether a claim made pursuant to 42 U.S.C. §1983 survives death. *See Robertson v. Wegmann*, 436 U.S. 584, 589 (1978). Where federal law is silent, the common law, or state law as modified, will govern. *See 42 U.S.C. §1988* (where "deficient in the provisions necessary to furnish suitable remedies ..., the common law, as modified and changed by the constitution and statutes of the State wherein the court having jurisdiction of such [§1983] cause is held, so far as the same is not inconsistent with the Constitution and laws of the United States, shall be extended to and govern the said courts in the trial and disposition of the cause...).

Therefore, pursuant to Section 46.021, Florida Statutes, Mr. Chmielewski's claim survives his death.

As a result, Mrs. Chmielewski seeks an order substituting the parties' adult son PAUL CHMIELEWSKI as Mr. Chmielewski's personal representative.

An estate for Mr. Chmielewski has been opened in Pinellas County and given Case Number 14-005095-ES. A copy of the Petition for Administration is attached as **Exhibit A.** While the petition for formal administration has been filed along with a proposed order and proposed letters of administration seeking appointment of PAUL CHMIELEWSKI to serve as his personal representative. As of the date of this filing, the Probate Court has not entered an order or issued Letters of Administration. It is anticipated that this will occur in the near future.

4833-5193-4748.1
46230/0001

Plaintiff Katherine A. Chmielewski requests that her adult son Paul Chmielewski be appointed as personal representative in this matter.

In the alternative, if this Court requires that the probate court issue Letters of Administration prior to appointment, then Mrs. Chmielewski requests that the ninety-day deadline for seeking substitution of a party, which begins to run from the date the Suggestion of Death was filed with this court, be abated until such time as the probate court enters an order appointing a personal representative and issues Letters of Administration.

No party will be prejudiced by this request since Mrs. Chmielewski remains an active and participating party plaintiff, discovery is ongoing and occurring, and no delays have otherwise occurred.

Certificate of Compliance with Local Rule 3.01(g).

Counsel has conferred with Defendant's counsel to determine whether they have objection to this request. Defendant's counsel moving counsel has attempted to confer with opposing counsel, however counsel for St. Pete Beach has not taken a position on this motion.

Respectfully submitted,

*/S/ Leonard M. Collins*
M. STEPHEN TURNER
Florida Bar No.: 95691
LEONARD M. COLLINS
Florida Bar No: 423210
**BROAD AND CASSEL**
215 S. Monroe Street, Suite 400
Tallahassee, FL 32301
Telephone: (850) 681-6810
Facsimile: (850) 681-9792
*sturner@broadandcassel.com*
*lcollins@broadandcassel.com*
*pwilliams@broadandcassel.com*
*mubieta@broadandcassel.com*

and

JENNIFER A. WINEGARDNER
Florida Bar No.: 133930
**THE CHASE FIRM**
1535 Killearn Center Blvd., Suite A1
Tallahassee, FL 32309
Telephone: (850) 385-9880
Facsimile: (850) 422-0074
*jwinegardner@chasefirm.com*
*patty.pizzuto@chasefirm.com*

*Counsel for Plaintiffs*

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been provided via CM/ECF to the following, this 11th day of July, 2014.

Scott B. Albee, Esq.
*salbee@fulmerleroy.com*
Brian C. Guenther, Esq.
*bguenther@fulmerleroy.com*
**Fulmer, LeRoy, Albee, Baumann & Glass, PLC**
605 South Blvd.
Tampa, FL 33606

*Counsel for Defendant*

<u>s/ Leonard M. Collins</u>
ATTORNEY

4

4833-5193-4748.1
46230/0001