UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

PAUL CHMIELEWSKI, as personal
representative of the Estate of Chester J.
Chmielewski and KATHERINE A.
CHMIELEWSKI,

    Plaintiffs,

v.                                                                         Case No: 8:13-cv-3170-T-27MAP

CITY OF ST. PETE BEACH,

    Defendant.
_____/

## ORDER

**BEFORE THE COURT** are Plaintiffs' Notice of Filing Proposed Final Judgment (Dkt. 161) and Defendant's Objection, which proposes two alternative final judgments (Dkt. 162). Upon consideration, Defendant's objection to Plaintiffs' proposed final judgment is sustained. Final judgment will be entered consistent with this Order.

The City contends that the jury's award of property related damages on Count I for loss of use and enjoyment of the property and the difference in value of the property before and after the City's interference are duplicative of the taking award on Count II. I agree. Plaintiffs' contention that the property related damages are not duplicative is inconsistent with their prior position, as well as their final argument to the jury.

On Plaintiffs' 4th Amendment claim (Count I), the verdict form includes three elements of damages: (1) mental and emotional distress and personal humiliation (questions 2 and 3); (2) the loss

1

of use and enjoyment of the property[1] (question 4(a)); and (3) the difference in value of the property before and after the City's interference (question 4(b)). On Katherine Chmielewski's inverse condemnation claim (Count II), the jury was asked to determine the amount of just compensation for the property taken (Dkt. 118).[2] On Count I, the jury awarded $200,000 for loss of use and enjoyment of the property and $400,000 for the difference in value before and after the City's interference. On Count II, the jury awarded $1,489,700 as just compensation for the property taken (Dkt. 118).

Plaintiffs have consistently taken the position that any damages awarded on Count I for loss of use and enjoyment and the difference in value of their property before and after the City's interference would essentially be duplicative of any damages awarded on Count II for the taking of the beach parcel.

During the charge conference, for example, Plaintiffs' counsel explained his theory of damages for loss of use of the "pathway" to the beach, relying on the appraiser's testimony of value (Dkt. 129 at 107-108).[3] The City expressed concern that those damages would overlap with the damages sought in the inverse condemnation claim (*Id.* at 110). In response to the Court's inquiry, Plaintiffs' counsel implicitly acknowledged that the property related damages on Count I would be duplicated if they were successful on their taking claim:

---

[1] According to Plaintiffs, the property referred to in this claim included the Chmielewski's beach parcel and home, that is, Lot 8 and the beach property "combined." (Dkt. 122 at 4).

[2] The property claimed to have been taken is referred to as the "beach parcel."

[3] Plaintiffs' counsel explained that damages on Count 1 were premised on "certain areas of the property where they basically lost the ability to exclude the public from and use, use freely and uninterrupted. And I believe the appraiser laid the predicate for how you do that in terms of square footage and that type of thing, and I believe the jury would have enough room to figure that out from the evidence of - - for example, the pathway would be an example of what they've lost and, you know, they could correlate that to the square footage." (Dkt. 129 at 107-08).

> "I think that's the way I resolved it is similar to the way the Court came down, and trying to find a correlation to the loss of use of a specific area *on the assumption that we don't have a taking of the property as a whole.*"

(*Id.* at 108) (emphasis added).[4]

During closing argument, Plaintiffs' counsel essentially took the same position, explaining to the jury that damages on the two claims overlapped "in some ways," and even suggesting that any duplication in damages awarded would be "straighten[ed]" out:

> All right. So I think the taking claim is very straightforward. But let me talk about the Fourth Amendment claim because that's a particularly -- while it has some overtones or overlays of the claim, it is a different claim. And I'd like to talk a minute about the damages there.
>
> I want to talk for a moment about the damages under the Fourth Amendment claim because I think there is some elements f damages that are overlapping in some ways, but they are separate claims, and if there is any problems, *we'll straighten that out in due course.*"

(Dkt. 129 at 168) (emphasis added).

And his argument to the jury on damages underscores the "problems" he predicted with respect to duplication of damages.[5] As for damages for loss of use and enjoyment of the property in Count I, Plaintiffs' counsel relied on "a number that is akin to what the appraiser testified to was

---

[4] Indeed, Florida law indicates that there is a correlation between the theory of trespass and the theory of inverse condemnation. *See State, Dep't of Health & Rehab. Servs. v. Scott*, 418 So. 2d 1032, 1034 (Fla. 2d DCA1982) ("The common thread running through the cases on inverse condemnation involves situations where a continuing trespass or nuisance ripens into a constitutional taking of property without the payment of just compensation."); *Northcutt v. State Rd. Dep't*, 209 So. 2d 710, 712 (Fla. 3d DCA 1968), *writ discharged sub nom. Northcutt v. State Rd. Dep't of Florida*, 219 So. 2d 687 (Fla. 1969) ("In Florida, in order for the 'taking' or 'appropriation' of private property for public use, under the power of eminent domain, to be compensable, there must generally be a 'trespass or physical invasion.'"); *City of Jacksonville v. Schumann*, 167 So. 2d 95, 102 (Fla. 1st DCA 1964) ("The concept of inverse condemnation can be readily recepted if we acknowledge the doctrine that a continuing trespass or nuisance may ripen into a constitutional taking of property within the ken of constitutional provisions prohibiting the taking of property without the payment of just compensation.").

[5] This is not intended as a criticism of counsel's theory of damages, only an observation that he acknowledged the potential for duplicative damages if Plaintiffs were successful on both counts.

3

the diminished value of the house." (Dkt. 129 at 171-74). In quantifying damages for the difference in value of the property before and after the City's interference under Count I, he identified that property as the "pathway in front of the house" and "sand area" (*Id.* at 174-75). However, both of those areas are within the "beach parcel" claimed to have been taken in Count II. And he urged the jury to consider the difference in value of that property by using the square footage and value provided by the appraiser *(Id.* at 176-77).

Finally, and significantly, in their Motion for Entry of Judgment on the Jury's Verdict, Plaintiffs requested judgment in an amount *reduced* by either 4(b) or both 4(a) and 4(b), conceding that the $400,000 award for diminished value in Count I was "effectively . . . the severance damages, that was part of the jury's [just] compensation award" in Count II, and implicitly acknowledging that the $200,000 award for loss of use and enjoyment was likewise duplicative. (Dkt. 122 at 14-15).

Recently, however, and inexplicably, Plaintiffs have reversed their position and contend that there is no duplication, asserting that "[t]he diminished value award under Count I is not the equivalent of severance damages under Count II as may have been perceived without benefit of transcript" (Dkt. 161 at 2). Regardless, the City persuasively argues that the jury's finding of a complete taking under Count II renders the property related damages awarded in Count I duplicative (Dkt. 162 at 2).

The jury was instructed to determine just compensation on Count II by determining the value of the property taken (the beach parcel) and loss to the remainder property (diminished value of the home) (Jury Instructions, Dkt. 117 at 16). It therefore follows, as the City correctly contends, that the property related damages awarded in questions 4(a) and (b) of the Verdict form on Count I are necessarily duplicative of the jury's just compensation award in Count II. (Dkt. 162 at 2-3)

("Damages for the value of the taken beach parcel necessarily includes compensation for the loss of use and enjoyment of the beach parcel, and compensation for the severance damages to the home parcel is compensation for the difference in value of the home parcel before and after the City's actions").

Plaintiffs' Count I damages will therefore be reduced by $600,000 (questions 4a and 4b damages) as duplicative of the Count II damages.[6] See *St. Luke's Cataract & Laser Inst., P.A. v. Sanderson*, 573 F.3d 1186, 1203 (11th Cir. 2009) ("'[t]he courts can and should preclude double recovery by an individual.'") (quoting *Gen. Tel. Co. v. EEOC*, 446 U.S. 318, 333, 100 S.Ct. 1698, 1708, 64 L.Ed.2d 319 (1980); *White v. United States*, 507 F.2d 1101, 1103 (5th Cir.1975) ("It is clear that no duplicating recovery of damages for the same injury may be had."); *Morrison Knudsen Corp. v. Ground Improvement Techniques, Inc.*, 532 F.3d 1063, 1079 (10th Cir. 2008) ("Where, however, the jury verdict cannot be explained by evidence in the record and duplication is apparent, "the court, either sua sponte or on motion of a party, should reduce the judgment by the amount of the duplication," and thereby prevent double recovery.") (citation omitted); *Garshman Co. v. Gen. Elec. Co.*, 176 F.3d 1, 6 (1st Cir. 1999) (where the verdict form is not precise enough to allow the jury to consider the possibility of duplicative damages, the trial court has the authority to determine whether the jury's damages findings were duplicative).[7]

Accordingly, the Clerk is directed to **ENTER FINAL JUDGMENT** favor of Plaintiffs Paul Chmielewski, as personal representative of the Estate of Chester J. Chmielewski and Katherine A.

---

[6] In the event, of course, that the Jury's verdict on Count II is vacated or reversed on appeal, Plaintiffs' recovery on Count I would be for the full amount awarded by the jury.

[7] Indeed, the Court and the parties anticipated that there might be issues of duplication in the verdict that the court would resolve post-verdict.

Chmielewski and against Defendant City of St. Pete Beach. Damages shall be awarded as follows, for which let execution issue:

1. As to Count I:

    a. To Chester J. Chmielewski, by and through Paul Chmielewski as Personal Representative of his estate, the amount of $50,000 plus post-judgment interest determined by the Treasury Bill rate prevailing on the date of entry of this judgment pursuant to 28 U.S.C. § 1961;

    b. To Katherine A. Chmielewski, the amount of $75,000 plus post-judgment interest determined by the Treasury Bill rate prevailing on the date of entry of this judgment pursuant to 28 U.S.C. § 1961.

2. As to Count II:

    a. To Katherine A. Chmielewski, the amount of $1,489,700 as just compensation, plus pre-judgment interest through August 24, 2016 of $ 638,530.87 for a total of $2,128,230.87, plus post-judgment interest determined by the Treasury Bill rate prevailing on the date of entry of this judgment pursuant to 28 U.S.C. § 1961.[8]

The Court reserves jurisdiction to consider Plaintiffs' motion for attorneys' fees and costs. The Clerk is directed to **CLOSE** the file.

**DONE AND ORDERED** this 24TH day of August, 2016.

*/s/ James D. Whittemore*
JAMES D. WHITTEMORE
United States District Judge

Copies to: Counsel of Record

---

[8] The parties agree that prejudgement interest through June 30, 2016 is $627,830.07 (Dkt. 162 at 17). Applying a per diem of $194.56, an additional $10,700.80 in prejudgment interest has accrued through August 24, 2016, for a total of $638,530.87.

6